UNITED STATES, Appellant

v.

ARCHIE A. BRANSTETTER, Seaman, U. S. Navy, Appellee

1 USCMA 30, 1 CMR 30

Decided November 8, 1951

LT. Henry B. Nesbitt, USNR, for Appellant.
CDR. Malcom J. Bradbury, USN, for Appellee.

## Opinion of the Court

ROBERT E. QUINN, Chief Judge:

This matter comes before the Court on certification from the Judge Advocate General of the United States Navy. The accused was tried by summary court-martial[1] on May 8, 1951, for two separate offenses of AWOL and the offense of breaking arrest. At the trial, the accused pleaded guilty to each of the three specifications but, in accordance with the procedure in Naval Courts and Boards[2] he made an unsworn statement to the effect that he had been kicked in the head by a horse at the age of 14 and that since that date he had suffered periodic blackouts with ensuing lapse of memory and that during these attacks he had no control over his actions. He further stated that he would not have committed the offense charged ". . . if I had not had a mental lapse." The court properly proceeded as though a plea of not guilty had been entered. Evidence was introduced including the naval health record of the accused to show his mental condition at the time of the offense. No evidence was produced by the defense, and the accused was found guilty. On July 13, 1951, the board of review disapproved the findings and sentence and ordered a rehearing of the case on the ground that a question of sanity having been raised by the statement of the accused, the health record was not competent evidence and the introduction of it materially prejudiced the accused.

The Judge Advocate General of the Navy has certified that ruling to this Court for review.

Since the unsworn statement of the accused in this case was not evidence,[3] it could raise no issue. Where a statement is inconsistent with a plea of guilty the court should reject the plea, enter a plea of not guilty, and proceed with the trial,[4] as was done in this case. While the action of the recorder in introducing the health record to support the legally unassailed presumption of sanity was error, such error did not materially prejudice the accused.[5] It is noted that the accused was represented by counsel and that no objection was made at the trial to the introduction of this record.

We find that the board of review erred in its decision, which is hereby reversed.

Judges LATIMER and BROSMAN concur.

---

[1] The trial herein having been had prior to the effective date of the Uniform Code of Military Justice (Act of May 5, 1950, 64 Stat. 108; 50 U.S.C. §§ 551–736), the Articles for the Government of the Navy govern.

[2] Sec. 419, NC&B (1937)
[3] Sec. 76, NC&B, footnote 25 (1937)
[4] Sec. 417, NC&B (1937)
[5] Sec. 472, NC&B (1937); Art 59(a) UCMJ